The plaintiffs produced in evidence, in support of their title, a deed from John G. Blount and Thomas Blount to David Allison, which had been proved and registered as to John G. Blount, but not proved as to Thomas Blount. The proof and registration were after the commencement of the suit, and the demises laid in the declaration.
It was objected by Dickinson and Cooke, for the defendant, that this deed could not be viewed as the deed of both the grantors, when only proved as to one, and that, therefore, as the plaintiffs had brought suit for the whole of the land, they ought not to recover, as, if they did recover, it could only be an undivided moiety.
It was also objected that the suit had been brought and the demises laid in the declaration long previous to the registration of the deed, and that, inasmuch as no interest passes to the grantee until registration, the plaintiffs had commenced their suit before they had any legal title. *Page 134 
It is true, this deed can only be read as the deed of John G. Blount, and that, in consequence thereof, the whole can not be recovered in this action; but it is equally true that an undivided moiety may. If the plaintiff declares in ejectment for the whole he may recover a part, or if he declares for a part he may recover less. The rule is that he may recover less, though he can not recover more than he declares for. 2 Hay. Rep. 150, 222; 1 Bur. 326; Run. Ejt. 103, 104; 1 Johnson's cases, 101.
But it is further objected that the deed has been registered since the demises laid in the declaration. To this we will reply that, although a deed does not pass the estate to the grantee until registration, yet, when it is registered, it relates back to the time of the execution; and the grantee in such a case is considered as having been seised from the beginning. 2 Hay. Rep. 287, 288; 1 Bac. Abr. 277, 278; Cro. Car. 217; Cro. Ja. 52; 2 Com. Dig. 66, 65.
The case in 2 Show. 207, is perhaps founded upon the particular bankrupt laws of England; but, be that as it may, it is a single case, and is not supported by any other decision. It is directly in opposition to the whole current of principles upon this subject.
We are therefore of the opinion that the deed may be read as the deed of one of the grantors, and that the plaintiffs can recover an undivided moiety.